1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY R. TURNER,                          No. 2:13-cv-0824-CMK-P

12              Petitioner,

13        vs.                                     ORDER

14   R. Grounds,

15              Respondent.

16   _____/

17        Petitioner, a state prisoner, brings this action *in propria persona*.  Petitioner

18   initiated this action by filing a Notice of Appeal on a California Judicial Council form.  Attached

19   to that form, the order petitioner is presumably appealing, is an order from the California

20   Supreme Court denying petitioner's state habeas petition.  With that limited information from

21   petitioner, the court opened this case as a federal habeas corpus action pursuant to 28 U.S.C. §

22   2254.  Petitioner, however, states in his filing that he is requesting injunctive relief for retaliation,

23   not that he is challenging his conviction.  It would appear, therefore, that his intention was to

24   initiate a prisoner civil rights action under 42 U.S.C. § 1983.

25        Before this action can proceed, either as a habeas case or a prisoner civil rights

26   action, petitioner's fee status must be resolved.  The court notes that petitioner has not filed an

1

1  application to proceed in forma pauperis, along with the proper certifications.  In addition, before

2  the court could grant such a motion, it has to be determined what type of action petitioner is

3  pursing so the court can determine the appropriate filing fees.

4          When a state prisoner challenges the legality of his custody – either the fact of

5  confinement or the duration of confinement – and the relief he seeks is a determination that he is

6  entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ

7  of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

8  see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

9  F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of

10 confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights

11 action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

12 Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42

13 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

14         It appears petitioner wishes to challenge the conditions of his confinement, as he

15 is claiming that he continues suffering from retaliation.  However, by filing a notice of appeal

16 and indicating that he is attempting to "appeal" the denial of a state habeas petition, the court

17 opened this action as a habeas case.  To challenge the conditions of his confinement, petitioner is

18 attempting to proceed under the wrong process.[1]  The Clerk of the Court will be directed to

19 provide petitioner with both a new habeas petition as well as a civil rights complaint, and

20 petitioner will be required to choose how he wishes to proceed and file an amended pleading.

21         Either way petitioner chooses to proceed, his amended petition or complaint must

22 be filed within the time provided in this order.  Petitioner is warned that failure to file the

23

24         [1]     The court notes the possibility that plaintiff may be attempting to avoid the issue
of whether he is eligible to proceed in forma pauperis in this action because he has filed, on three
25 or more prior occasions, actions which have been dismissed on the grounds that they were
frivolous, malicious, or failed to state a claim.  See 28 U.S.C. § 1915(g).  To the extent this is
26 plaintiff's intention, filing a habeas action to avoid dismissal is not the appropriate remedy.

1  appropriate pleading within the time provided in this order may be grounds for dismissal of this

2  action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see also Local Rule 110.

3  Petitioner is also warned that if he files a complaint which fails to comply with Rule 8 may, in

4  the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North

5  Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6           Petitioner has also filed a motion for the appointment of counsel (Docs. 4, 5) and

7  a motion for an order to show cause (Doc. 6).  In his motion for an order to show cause, he is

8  requesting the court allow this action to proceed and grant him in forma pauperis status.

9  However, until an appropriate in forma pauperis application is filed with the court, and the court

10 determines the proper type of proceedings for this action, the court is unable to grant such a

11 request.  As for the requests for appointment of counsel, again the court must determine the

12 proper classification for this case before such a request can be evaluated as the standards for

13 appointing counsel are different depending on the type of proceeding.  Regardless of they type of

14 proceeding, however, whether counsel is appointed to assist plaintiff will only be necessary if the

15 action proceeds.  If this case is dismissed on procedural grounds, appointment of counsel will be

16 unnecessary.  Therefore, the motions will be denied without prejudice to renewal once petitioner

17 has filed the necessary amended pleadings and application to proceed in forma pauperis.

18           Accordingly, IT IS HEREBY ORDERED that:

19           1.      Petitioner's petition is dismissed with leave to amend;

20           2.      The Clerk of the Court shall send petitioner both a blank petition for writ

21 of habeas corpus and a blank prisoner civil rights form complaint;

22           3.      Petitioner shall choose whether he will proceed in this action with a

23 habeas petition appropriately challenging a conviction or whether he will file a complaint to

24 proceed in a civil rights action pursuant to 42 U.S.C. § 1983;

25           4.      Petitioner shall file his amended pleading within 30 days of the date of

26 service of this order;

1         5.     Petitioner shall also submit on the form provided by the Clerk of the

2    Court, within 30 days from the date of this order, a complete application for leave to proceed in

3    forma pauperis, with the required certifications, or the appropriate filing fee;

4         6.     The Clerk of the Court is further directed to send petitioner a new form

5    Application to Proceed In Forma Pauperis By a Prisoner;

6         7.     Petitioner's motion for an order to show cause (Doc. 6) is denied; and

7         8.     Petitioner's motions for appointment of counsel (Docs. 4, 5) are denied

8    without prejudice to renewal once petitioner determines how he will proceed in this action and

9    files the appropriate amended pleadings and in forma pauperis application.

10

11   DATED:  March 6, 2014

12

13   CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26