IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:13-cv-0824-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| R. Grounds, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court are petitioner's motion for contempt and petitioner's motion for a temporary restraining order.

Neither of these motions are properly before the court in this action.  At issue in this case is plaintiff's challenge to a prison disciplinary proceeding wherein he alleges his due process rights were violated.  As petitioner alleges he lost good time credits as a result of that disciplinary proceeding, the duration of his confinement is as issue and this case properly

1

proceeds under 28 U.S.C. § 2254. In both of his current motions, however, petitioner raises issues relating to his treatment by prison officials, and he is requesting the court to intervene and stop his Constitutional rights from being violated. Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

To the extent petitioner is challenging his treatment while incarcerated, that would be equivalent to a challenge to the conditions of confinement. If petitioner believes his rights are being violated by the way prison officials are treating him, his remedy lies in filing a civil rights action under 42 U.S.C. § 1983. A motion challenging such treatment is not properly raised in this action, where the issue involved is the duration of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for contempt (Doc. 15) and motion for temporary restraining order (Doc. 17) are denied without prejudice to petitioner raising his claims in a proper proceeding under 42 U.S.C. § 1983.

DATED: October 30, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE