IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:13-cv-0824-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| R. GROUNDS, | |
| Respondent. | |
| _____ / | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 26), petitioner's opposition (titled traverse) (Doc. 27), and respondent's reply (Doc. 29).  Petitioner also filed objections to respondent's reply (Doc. 30).  Such a pleading is not contemplated by the Federal Rules of Civil Procedure.  However, as petitioner filed his additional response prior to the court's review of the motion to dismiss, the court has read and considered it.

/ / /

/ / /

1

## I. BACKGROUND

Petitioner is challenging a 2011 prison disciplinary proceeding. In August 2011, petitioner was charged with possession of a controlled substance for distribution. In October 2011, a complaint was filed against petitioner in the Kings County Superior Court, for violation of California Penal Code § 4573.6, possession of methamphetamine while in prison. He claims both his substantive and procedural due process rights were violated.

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as unexhausted. Petitioner argues his claims are exhausted, that he has filed numerous state court petitions, and filed inmate grievances.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

3

self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).  Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

        In some cases, the district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 n.20. (9th Cir. 2005).  In Pace and Bonner, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings.  The petitioner in Bonner lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely.  See Bonner, 425 F.3d at 1149.  Because Bonner's state petition was untimely, it could not have been considered "properly filed" for purposes of statutory tolling of the limitations period.  See id. at 1148-49 (citing Pace, 544 U.S. at 413).  In Pace, the Supreme Court states that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted."  Pace, 544 U.S. at 416.  "Good cause" for a stay-and-abeyance order could be established by the petitioner's reasonable confusion as to whether his state court petition would be considered untimely.  See Bonner, 425 F.3d at 1149 n.20.

        Here, respondent contends petitioner's petition is unexhausted as he failed to comply with the requirement that he fairly present all of his claims to the state's highest court.  Respondent contends the limited citations to cases petitioner claims he filed in the California Supreme Court do not correlate to any of the cases on the California Supreme Court docket.  Specifically, that there are no cases decided in December 2013 as petitioner alleges in his petition.

/ / /

/ / /

4

In his opposition, petitioner fails to refute respondent's contentions that the specific claims raised in this case have been presented to the highest state court. Petitioner makes conclusory claims that he exhausted his administrative remedies to the highest level required. In an apparent attempt to show that he has in fact exhausted these claims, petitioner cites to three cases filed in the California Supreme Court. These three cases, copies[2] of which are provided by respondent, allege inadequate medical care (case number S214563), incompetent counsel during a criminal proceeding (case number S211486), and challenge numerous conditions of confinement (case number S211395). As respondent argues, none of these cases raise any due process rights arising from a prison disciplinary hearing, and all of them were denied for procedural reasons not on the merits. Thus, none of the cases cited by petitioner support his contention that he has exhausted his petition.

To the extent petitioner tries to argue that his inmate administrative appeals are sufficient to exhaust his state court remedies, petitioner appears to be confused as to what is required to exhaust his habeas claims with the exhaustion requirements of a 42 U.S.C. § 1983 case. The administrative appeals petitioner may have filed with the prison are insufficient to exhaust his habeas claims, which must be presented to the State's highest court. Petitioner's other arguments in opposition simply reiterate allegations of his continued mistreatment by prison officials, including retaliation, isolation, forced medication, and threats of violence. None of these allegations relate to the due process violations petitioner has alleged in his petition.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition is unexhausted as petitioner failed to present his claims that his due process rights were violated during a 2011

---

[2] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

prison disciplinary proceeding to the State's highest court.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 26) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 23, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

6